JACOB KING & another *vs.* CHARLES H. CONNORS & others.

Franklin.    January 26, 1916. — March 3, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Supreme Judicial Court.    Equity Pleading and Practice,* Appeal, Decree.

On an appeal by the defendants from a decree ordering the specific performance
of a contract to purchase certain hotel property from the plaintiff, entered by
order of a judge of the Superior Court in pursuance of the rescript stating the
decision of this court in *King* v. *Connors,* 222 Mass. 261, where the only ques-
tion presented was whether the decreé appealed from conformed to the rescript,
it was *held,* that the decree must be construed in the light of the findings of the
master confirmed by the decision of this court, and that it was not open to the
defendants to discuss any issue thus disposed of.

It appearing in the case mentioned above that the only new matter in the decree
was the requirement from the plaintiff of a bond to secure the defendants from
any damages they might sustain by reason of the existence of a certain lease,
it was *held,* that this provision, which was inserted in the decree solely for the
protection of the defendants, could give them no ground for complaint.

DE COURCY, J.   The only question brought before us by the
appeal is whether the decree * appealed from conforms to the re-
script stating the decision of this court in *King* v. *Connors,* 222
Mass. 261.   *Phelps* v. *Lowell Institution for Savings,* 214 Mass. 560.
The defendants have not sought leave to open the case for a new
trial by reason of matters which have arisen since the decision of
the issues raised by the pleadings; and no such alleged facts can
be considered on this appeal.   The decree must be construed in
the light of the facts as found by the master, and confirmed by
this court.   *Attorney General* v. *New York, New Haven, & Hart-
ford Railroad,* 201 Mass. 370.

The complaint of the defendants is that the decree compels them
to accept a title which is subject to "the possibility of a part of
said premises being subject to lease referred to in Supreme Court
opinion."   Their brief is mainly a reargument of one of the main
issues already tried and decided adversely to their contention.
The opinion, based on findings of the master, which were not
excepted to by the defendants, expressly stated: "The tenant

* Entered in the Superior Court by order of *Sanderson,* J.

. . . had promised in writing to execute a release and surrender the premises whenever required, within thirty days. This was a sufficient compliance with the contract." *King* v. *Connors, supra.* A rehearing on this issue is not opened by the appeal. See *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 162.

The only new matter in the decree is the requirement that the plaintiffs shall give a bond to secure the defendants from such damages as may be caused to them by reason of the alleged lease. This clause was inserted solely for the protection of the defendants, and in itself furnishes no ground for complaint.

*Decree affirmed with costs.*

*F. J. Lawler,* for the defendants.
*H. E. Ward, (W. A. Davenport* with him,) for the plaintiffs.