E. KRONMAN, INC. *vs.* BUNN BROS., INC., & others.

Suffolk.     January 13, 1927. — March 4, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To enjoin foreclosure of mortgage on personal property, Retention for assessment of damages. *Conversion. Equity Pleading and Practice,* Waiver of defects by proceeding with hearing on merits.

In a bill in equity the plaintiff averred that he was vendor under a conditional sale of certain merchandise to a defendant who was a merchant; that previous to the sale the merchant had given to a second defendant a mortgage of personal property in his store, which purported to cover "all other merchandise, chattels, and other personal property which may be added thereto or substituted therefor, or otherwise hereafter acquired by" the merchant, and any right which the merchant "has or may have, in and to any personal property sold to" him and held by him "under a lease or conditional bill of sale, or otherwise acquired"; that before performance of the conditions of the sale the defendant mortgagee gave notice of an intended foreclosure on the merchant's personal property including that sold by the plaintiff, and the plaintiff sought appropriate

injunctions.   By an interlocutory decree, upon the giving of certain bonds by the defendant mortgagee and the plaintiff, an order restraining the sale was dissolved, the pleadings were ordered completed and the suit was referred to a master.   The sale occurred before the completion of the pleadings.   Neither party in the pleadings informed the court of the sale nor afterwards sought amendments to the pleadings.   From findings by the master and by a judge who heard the suit on the master's report, it appeared that in the foreclosure of the mortgage, property of the plaintiff had been sold.   On motion by the defendant mortgagee, a final decree dismissing the bill as to the defendant mortgagee was entered.   The plaintiff appealed.   *Held* that,

(1) In the circumstances the plaintiff was entitled to have his title to the property established as between him and the defendants, and was further entitled to have the damages, incurred by reason of the sale of his property by the defendants, determined as for a conversion of the property, notwithstanding the sale took place before the reference to the master;

(2) Upon the defendant's motion for a final decree, the court should have retained the bill, or ordered a recommittal of it to the master, for the assessment of damages as for a conversion of the property sold after the bill was filed.

BILL IN EQUITY, filed in the Superior Court on March 5, 1925, and described in the opinion.

Proceedings in the Superior Court before and after the appointment of, and filing of a report by, the master, and material facts found by the master are stated in the opinion.

By order of *McLaughlin,* J., an interlocutory decree was entered overruling exceptions to the master's report.   The defendants Mahoney and Federal National Bank of Boston alone appealed from this interlocutory decree.   By order of *Brown,* J., a final decree was entered dismissing the bill as to the defendants Mahoney, the Federal National Bank of Boston and Levine.   The plaintiff appealed.

*F. L. Simpson,* (*F. R. Cohen & S. B. Stein* with him,) for the plaintiff.

*C. A. McCarron,* for the defendants.

PIERCE, J.   This is an appeal from a final decree in the Superior Court, by which "it is ordered, adjudged and decreed that the bill of complaint be dismissed as to the defendants Florence G. Mahoney, Federal National Bank of Boston, and Mark Levine, with costs in the sum of" $17.50.

On March 5, 1925, the bill of complaint was entered and filed in the Superior Court by E. Kronman, Inc. against

Bunn Bros. Inc. and the several defendants named in the final decree. The appeal record in this court does not disclose what disposition, if any, was made of the case as between the plaintiff and Bunn Bros. Inc.

The bill, in substance, alleges that the plaintiff has title to certain personal property, itemized and described as "fixtures" and "articles" respectively in two agreements of sale, incorporated by reference in the bill; that the title to the personal property thus described is claimed by the defendant Florence G. Mahoney under a mortgage of personal property given to her by the defendant Bunn Bros. Inc., which mortgage purports to cover "all other merchandise, chattels or other personal property which may be added thereto or substituted therefor or otherwise hereafter acquired by said Bunn Bros. Inc."; that the defendant Mahoney holds the said mortgage for the benefit of the defendant Federal National Bank of Boston; that the plaintiff, on March 2, 1925, received a notice, purporting to be signed by the defendant Florence G. Mahoney, which reads: "By reason of a default in the performance of the conditions of a mortgage given me by Bunn Bros. Inc. under date of May 8, 1924, said mortgage being duly recorded in the records of the City of Boston, with the records of mortgages of personal property, I shall sell the goods and chattels covered by the said mortgage at public auction on Thursday morning, March 5, 1925 at 10 A.M. on the premises at 615 Washington Street, Boston, Massachusetts." It is recited in the bill that the plaintiff is informed and believes and therefore alleges that the defendant Florence G. Mahoney intends to sell all the goods and chattels described in the said mortgage, without making known or disclosing that the title to the personal property described in the agreements between the plaintiff and the defendant Bunn Bros. Inc., above referred to, is vested in the plaintiff; that the defendant Florence G. Mahoney is a person of no financial means and that a sale of the plaintiff's property thus described will result in irreparable loss to the plaintiff.

The plaintiff prays: (1) "That the defendants Florence G. Mahoney, the Federal National Bank of Boston and Mark

Levine, their agents and servants, be enjoined and restrained from selling or conveying under foreclosure proceedings or otherwise any of the personal property covered by the agreements marked 'A' and 'B' attached to the bill of complaint, until the further order of the court"; (2) "That the title of the plaintiff to the personal property described in bill of complaint and located at 615 Washington Street, Boston, Mass., be established and that the mortgage held by the defendant Mahoney be declared inoperative as to said personal property"; and (3) "For such other and further relief as to this Honorable Court may seem meet and justice may require."

On the filing of the bill a temporary injunction issued *ex parte* against the threatened foreclosure. Thereafter, on March 6, 1925, by interlocutory decree, it was ordered, adjudged and decreed: (1) "That the temporary restraining order heretofore issued against Florence G. Mahoney and Mark Levine be dissolved and the same hereby is dissolved"; (2) "That the defendant Florence G. Mahoney shall furnish the plaintiff with a bond forthwith in the penal sum of $15,000 with sufficient sureties conditioned to compensate and reimburse the plaintiff for any loss or damage sustained by it by reason of the sale of the personal property claimed by the plaintiff and more particularly described in the plaintiff's bill of complaint in the foreclosure of the defendant's mortgage"; (3) "That the plaintiff be ordered to furnish the defendant Florence G. Mahoney with a bond forthwith in the sum of $2500 with sufficient sureties to secure the said Florence G. Mahoney against any loss that she may suffer by virtue of the present proceedings, such loss to include counsel fees and the cost of the defence of this suit in the event that the action is terminated favorably for the said defendant Florence G. Mahoney"; and (4) "That the pleadings be completed forthwith and the case be referred to a master under a rule whereby the hearings are to be commenced forthwith upon the appointment of the master and to continue thereafter from day to day until completed and the master's report to be filed as soon as may be after the completion of the hearings."

Under foreclosure proceedings of the mortgage of Bunn Bros. Inc. to Florence G. Mahoney on March 7, 1925, all the property described in the bill of the plaintiff, except the oyster bar and equipment, was sold at public auction to Florence G. Mahoney, who bid in the property on behalf of the defendant Federal National Bank. Although the sale of the property was before the filing of the answers of the defendants and the appointment of the master, neither plaintiff nor defendants disclosed that fact to the court or because of the sale moved to amend or dismiss the bill. Without a formal demurrer or an informal demurrer in the answers, the defendants severally filed answers to the charges of the bill on its merits. Upon completion of the pleadings a master was appointed. He heard the parties, their evidence, the arguments of counsel, and made report to the court. The exceptions to the report filed by both plaintiff and defendants were overruled and the report was confirmed by an interlocutory decree entered January 20, 1926. No appeal from the interlocutory decree was taken by the plaintiff. Thereupon, on the defendants' motion, a final decree was entered dismissing the bill with costs.

The report of the master, supplemented by further findings by the judge before whom the motion for the confirmation of the report was had, discloses the material and pertinent facts succinctly stated to be as follows: On May 7, 1924, the defendant Bunn Bros. Inc. bought of the defendant Federal National Bank the merchandise, good will, leasehold rights, *et cetera,* of a restaurant business at No. 615 Washington Street, Boston. The property had been bought by the bank in the name of the defendant Florence G. Mahoney, who has no personal interest in the matter at issue. Bunn Bros. Inc. gave back to the Federal National Bank a mortgage for the full amount of the purchase price. The mortgage contained a list of the articles sold, and by its terms included "also all other merchandise, chattels, and other personal property which may be added thereto or substituted therefor, or otherwise hereafter acquired by said Bunn Bros. Inc."; and also any right which Bunn Bros. Inc. "has or may have in

and to any personal property sold to it or held by it under a lease or conditional bill of sale, or otherwise acquired." ·

On June 9, 1924, and on November 14, 1924, Bunn Bros. Inc. bought of the plaintiff on conditional sale two lots or parcels of personal property, enumerated and itemized in two agreements of sale annexed to the bill.   These articles, with certain exceptions not material to the issue here involved, were delivered and accepted by Bunn Bros. Inc. at No. 615 Washington Street before the mortgage sale of March 7, 1925.   The amount to be paid as the price of the goods sold was not paid as provided in the conditional sale agreement, was overdue when the bill was filed, and has never been paid.   Bunn Bros. Inc. discontinued business on January 29, 1925.   The payments on account of the principal and interest on the Mahoney mortgage were not paid as they became due, and the mortgagee on behalf of the bank took possession of the property including the property of the plaintiff enumerated in the agreements of sale with the exception of the oyster bar and equipment.   All the property of the plaintiff thus taken into the possession of the defendant Mahoney in pursuance of the foreclosure of the mortgage was sold at public auction on March 7, 1925, to the defendant Mahoney, who bid in the property on behalf of the defendant bank.   The master finds the amount unpaid the plaintiff is the sale price of the personal property sold Bunn Bros. Inc.; but, with the exception of the Crescent Washing Machine, does not find the fair market value of the articles of personal property when they were sold at public auction on March 7, 1925, and purchased by the defendant Mahoney on behalf of the bank.

Although the sale by foreclosure was held before the filing of the answers and before the appointment of the master, the defendants concede that after the sale the court on apt amendments could retain jurisdiction for the purpose of ascertaining the title to the property in question, and for the further purpose of assessing the damages, if any, resulting to the plaintiff by reason of any foreclosure of the said mortgage.   The law stated in the concession is in accord with the rule of equity practice in this Commonwealth.

*Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47, and cases cited.   Upon the facts found by the master, which were confirmed by the interlocutory decree, and the supplemental facts found by the judge of the Superior Court, the plaintiff was entitled to have its title to the property established as between it and the defendants, and was further entitled to have the damages, incurred by reason of the sale of its property by the defendants, determined as for a conversion of the property, notwithstanding the sale took place after the filing of the bill and before the reference to the master.

The bill prays "for such other and further relief as . . . may seem meet and justice may require."   "This includes the relief [damages] which, under the altered circumstances, the plaintiff is entitled to, and which spring out of what he was entitled to when the bill was filed."   *Catton* v. *Wyld,* 32 Beav. 266, at page 268.   *Case* v. *Minot,* 158 Mass. 577. *Lexington Print Works* v. *Canton,* 171 Mass. 414, 416.   *Rosen* v. *Mayer,* 224 Mass. 494, 495.   See *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 597.   Upon the defendants' motion for a final decree, the court should have retained the bill or ordered a recommittal of it to the master for the assessment of damages as for a conversion of the property sold after the bill was filed.   *Milkman* v. *Ordway,* 106 Mass. 232.   *Case* v. *Minot, supra,* page 588.   The decree must be reversed, and the cause stand for further proceedings in conformity with the opinion.

*Ordered accordingly.*