HORACE A. EDGECOMB *vs.* S. KEMP EDMONSTON.

Suffolk.	January 26, 1927. — March 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Pleading and Practice,* Decree: after rescript from the Supreme Judicial Court; Appeal. *Evidence,* Materiality.

Where no new issue after rescript from this court in a suit in equity is raised on the record, the only function of the trial court is to enter a final decree in implicit accordance with the mandate of the rescript; in such circumstances no evidence offered with a purpose of seeking the entry of a decree varying from that ordered by the rescript is admissible.

BILL IN EQUITY, filed in the Superior Court on November 13, 1924, to enjoin the defendant from engaging in any line of business similar to that of the plaintiff within the Commonwealth for a period of five years from September 1, 1924.

The suit previously was before this court on a report by a trial judge where the decision was rendered which is reported in 257 Mass. 12, and is described in the opinion.

Proceedings before *Weed,* J., after rescript are stated in the opinion. The defendant appealed from a final decree entered after rescript.

The case was submitted on briefs.

*L. A. Mayberry & P. Mansfield,* for the defendant.

*R. W. Hale & D. Burstein,* for the plaintiff.

RUGG, C.J. This suit in equity came before this court in 257 Mass. 12, on report by the trial judge on his finding and order for final decree. In accordance with the opinion then rendered, rescript was sent of this tenor: "Decree to be entered restraining the defendant from engaging in any line of business similar to the plaintiff's within the city of Boston, and from soliciting the plaintiff's customers within the Commonwealth of Massachusetts for a period of five years from April 16, 1923." Thereafter, without amendment of the pleadings, the case came on to be heard upon the plaintiff's motion for final decree after rescript. The defendant offered evidence to show that, subsequent to the hearing on the merits and the report to this court, the defendant submitted a bid to the government of the United States for doing stenographic work in the Federal courts in Boston in cases to which the United States was a party, and that, while such bid had not been accepted, he has been and now is doing stenographic work covered by such bid for the United States government in the Post Office building in Boston. This evidence was excluded, objections by the defendant to the final decree based thereon were not entertained, and rulings requested by the defendant in view thereof were denied. The defendant's appeal from a final decree entered in accordance with the rescript brings the case here again.

Where no new issue after rescript is raised on the record, the only function of the trial court is to enter a final decree

in implicit accordance with the mandate of the rescript. That principle is applicable to the case at bar.    The proffered evidence was excluded rightly.    *Attorney General* v. *New York, New Haven & Hartford Railroad*, 201 Mass. 371.    *Day* v. *Mills*, 213 Mass. 585, 587.    *Boston, petitioner*, 223 Mass. 36.    *King* v. *Connors*, 223 Mass. 305.

It becomes unnecessary to consider other questions argued.

*Decree affirmed.*