E. KRONMAN, INC. *vs.* BUNN BROS. INC. & others.

Suffolk.    November 15, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Decree: after rescript; Master: report, recommittal; Appeal; Rescript. *Conversion. Damages,* In tort. *Waiver. Evidence,* Competency; Opinion: expert; Of value. *Witness,* Expert. *Law of the Case.*

The bill in a suit in equity contained allegations that the plaintiff sold certain personal property under a contract of conditional sale whereby he reserved title until payment was made; that the purchaser was in default; that the defendant, as holder of a chattel mortgage on the property of the purchaser, intended to foreclose it and to sell the property, title to which still was in the plaintiff. The plaintiff sought to have the defendant enjoined from making such sale and also sought general relief. It appeared that the defendant took possession of part of the property claimed by the plaintiff and sold it two days after the bill was filed. The suit thereupon was referred to a master, upon whose report and further facts found by a judge hearing the suit a final decree was entered dismissing the bill. Upon appeal to this court by the plaintiff, it was decided that the plaintiff was entitled to have his title established to that part of the property he claimed of which the defendant had not taken possession, and to damages by reason of the sale by the defendant of other of such property; and the decree was reversed, the suit to stand for further proceedings in conformity to the opinion. After rescript, the suit again was referred to the master, who assessed the plaintiff's damages for such sale by the defendant. A final decree thereupon was entered adjudging title to certain of the property mentioned in the bill to be in the plaintiff and ordering the defendant to pay such damages to the plaintiff. *Held,* that

(1) There was no merit in a contention by the defendant, that the only question decided by this court on the previous appeal had reference to the propriety of dismissing the bill because the plaintiff had not sought to have it amended;

(2) The plaintiff's title to the property was put in issue by the pleadings; and, by the rescript on the previous appeal as interpreted in connection with the opinion, it was settled, as to all further proceedings

in the suit, that the plaintiff was entitled to damages for that part of the property sold by the defendant, and to have his title established to the remainder;

(3) Questions, which on the previous appeal were raised or might have been raised, but which were not argued then by the defendant, were waived and could not be considered on the present appeal;

(4) The order recommitting the suit to the master for the assessment of damages was authorized by the previous decision;

(5) The decree from which the present appeal was taken conformed to the rescript and must be affirmed.

The master in assessing damages under the reference above described considered the age, condition and cost of replacement of the property, and found the fair market value, ruling that that value was "at least the highest price a normal purchaser, not under peculiar compulsion, would have paid" at the time and place of the conversion. The master received testimony as to the value of the property from a witness who had seen it and who had had many years of experience in selling similar property. A motion to recommit the report to the master after he had assessed the damages was denied. *Held*, that

(1) The master correctly assessed the damages;

(2) The witness was competent to give an opinion on the value of the property;

(3) His testimony was admissible on that question;

(4) The motion to recommit properly was denied.

BILL IN EQUITY, filed in the Superior Court on March 5, 1925.

The bill contained allegations that the plaintiff sold certain personal property to the defendant Bunn Bros. Inc. under a contract of conditional sale whereby title was reserved in the plaintiff until payment should be made; that the said defendant was in default, and that the defendant Mahoney, for the benefit of the defendant Federal National Bank of Boston, held a chattel mortgage on personal property of the defendant Bunn Bros. Inc. and intended to foreclose it and sell the property, title to which was still in the plaintiff. The bill sought to have the defendant Mahoney enjoined from selling the plaintiff's property and also sought general relief.

After the interlocutory decree of March 6, 1925, ordered by *McLaughlin*, J., and the sale of the property on March 7, 1925, described in the opinion, the defendants answered on March 10 and 13, 1925, and the suit was referred to a master on March 25, 1925. Upon the coming in of the master's report, further facts were found by the judge, who ordered

the entry of an interlocutory decree overruling the exceptions of all parties to the master's report. A final decree dismissing the bill as to all the defendants except Bunn Bros. Inc. subsequently was entered by order of *Brown*, J.

The suit previously was before this court upon an appeal by the defendants from the interlocutory decree overruling their exceptions to the master's report, and upon an appeal by the plaintiff from the final decree; and in a decision reported in 258 Mass. 562, the final decree was ordered reversed, the suit to stand for further proceedings in conformity with the opinion.

By order of *Morton*, J., after rescript, the suit again was referred to the master for the assessment of damages for conversion of property sold after the filing of the bill. By order of *Sisk*, J., there subsequently were entered an interlocutory decree overruling exceptions by the defendants to the master's supplemental report, and a final decree adjudging that the plaintiff had title to certain property mentioned in the bill which had not been sold by the defendant Mahoney and ordering the defendants to pay the plaintiff damages in the sum of $6,798.35 for property which had been sold. The judge also denied a motion by the defendants to recommit the suit to the master. The defendants appealed from the interlocutory and final decrees.

*C. A. McCarron*, (*J. M. Hogan* with him,) for the defendants.

*S. B. Stein*, (*F. R. Cohen* with him,) for the plaintiff.

SANDERSON, J.   This is a bill in equity entered March 5, 1925, in which the plaintiff seeks to enjoin the defendant Mahoney from selling on foreclosure proceedings or otherwise certain personal property alleged to have been sold by the plaintiff to the defendant Bunn Bros. Inc., on conditional sale, reserving title in the plaintiff until payment was made. A restraining order was issued and on further hearing an interlocutory decree was entered March 6, 1925, dissolving the restraining order, directing the defendant Mahoney to give a bond conditioned to reimburse and compensate the plaintiff for any loss or damage sustained by it in the foreclosure of the mortgage by reason of the sale of the personal

property described in the bill of complaint, and ordering the plaintiff to give the defendant Mahoney a bond conditioned to pay her any loss occasioned by the present proceedings if she should prevail. Mahoney represents the defendant bank and has no interest in the matter at issue. She will be referred to as the defendant.

The case was sent to a master to report his findings together with such facts and questions of law as either party might request. Upon the coming in of the report a single justice made additional findings of fact, and an interlocutory decree was entered overruling exceptions and confirming the report, from which the defendant appealed. Thereafter a final decree dismissing the bill was entered from which the plaintiff appealed. By decision of this court reported in 258 Mass. 562, a rescript was entered reversing the final decree and ordering the cause to stand for further proceedings in conformity with the opinion. On March 7, 1925, the defendant sold all the property referred to in the bill of complaint, except the oyster bar and equipment mentioned in section three of the bill.

The defendant's contention, that the only question decided by the previous appeal related to the propriety of dismissing the bill because the plaintiff had not asked to have it amended, cannot be maintained. By that appeal it was settled that the plaintiff was entitled to have its title to the property established as between it and the defendant; that as to the plaintiff's property sold by the defendant the plaintiff was entitled to have damages assessed as for a conversion, and that these rights could be established upon the allegations of the bill without amendment. *Donohue* v. *White*, 247 Mass. 479. The plaintiff's title to all the property described in the agreements annexed to the bill of complaint, filed March 5, 1925, was put in issue by the pleadings. It appeared from the former decision that there was a part of it of which the defendant did not take possession. Upon the pleadings and the issues tried, the plaintiff was entitled to damages for being wrongfully deprived of the property sold and to have its title established to the rest of the property. The rescript interpreted in the light of the opinion, which

was specifically referred to as establishing the rule to be followed in future proceedings in the case, ordered that these two things should be done. The decree from which the present appeal was taken conforms to the order of this court by establishing the plaintiff's title to the property of which the defendant did not take possession, and awarding damages as to the rest. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 217 Mass. 319. *King* v. *Connors,* 223 Mass. 305. The questions which were or might have been raised by the defendant on the former appeal if not then argued were waived. They cannot now be considered. *Cohen* v. *Nagle,* 190 Mass. 4, 13. *Lyons* v. *Elston,* 211 Mass. 478, 482. *King* v. *Connors, supra. Curran* v. *Magee,* 244 Mass. 1, 5. *Edgecomb* v. *Edmonston,* 258 Mass. 568. The defendant cannot now contend that she has not wrongfully converted the plaintiff's property by selling it at the foreclosure sale.

In the former report the master did not fix the amount of the plaintiff's damages and a further hearing was therefore necessary. The case was referred to the same master for "assessment of damages as for conversion of the property sold after bill was filed." This order was authorized by the former decision of this court. Exceptions to the supplemental report numbered one to nine relate in part to findings upon evidence not reported. There was no reversible error in the finding relating to matters arising after the conversion, even if some of them were not sufficiently related to the decision to be material. *Montague* v. *Boston & Albany Railroad,* 124 Mass. 242, 249. The master based his findings upon market value, and correctly ruled that "fair market value is at least the highest price that a normal purchaser, not under peculiar compulsion, would have paid on or about March 7, 1925, at the premises numbered 615 Washington Street, Boston, in order to get the property." *Maguire* v. *Pan-American Amusement Co.* 211 Mass. 22, 26. The contention is made that error appears from his earlier statement in the following language: "I have considered the time during which the articles have been used, the condition in which they were at the time of the conversion on account of the use,

breakage, etc., and the cost of replacing the articles with orders [*sic*] equal to them in every respect." These considerations were not improper for the master to have in mind when it is evident that his conclusion was based upon his own ruling as to what market value is. *Bradley* v. *Hooker*, 175 Mass. 142. *Koski* v. *Haskins*, 236 Mass. 346, 348. *Wood* v. *Baldwin*, 259 Mass. 499, 509.

The defendant further objects because the rule applied was market value upon the premises where the property was, contending that the value should be of the property dismantled and removed. But the value was properly determined at the place where the conversion occurred. It is not for the defendant who has converted the property where it was and as it was to contend that the plaintiff must recover on the basis of a value in some other place or under other conditions. This part of the ruling was right even if the further finding that the goods might have remained on the premises where they could have been examined by a purchaser or they could have been sold by the plaintiff to be used again in the restaurant business in the same premises was not justified. It appeared, however, that the property in question was on the premises more than two months after the conversion and that a restaurant business was later conducted at the same place.

The tenth and eleventh exceptions relate to the refusal of the master to strike out the testimony of the witness Link, who gave evidence as an expert on the value of the property converted. By order of court the whole of his testimony was annexed to the master's supplementary report. The objections to this testimony are that the witness was not qualified, and that his testimony was incompetent and immaterial. He had seen the property and his years of experience in selling similar property made him a competent witness. He testified in substance that property of the kind under consideration would have a market value of twenty per cent of its cost after it had been used the length of time that the property in question had been in use. Such testimony as well as the other testimony of the witness might properly be considered by the master with the other evidence not

reported in determining the market value in accordance with the rule stated by him.

In the denial of the defendant's motion to recommit the master's report we discover no reversible error. The master was required to find the fair market value of the property at the time of the conversion, but he was not to report the evidence upon which his finding was based. *Raymond* v. *Stone,* 246 Mass. 421. *Jameson* v. *Hayes,* 250 Mass. 302. He has stated his conclusions on the matter referred to him and has narrated sufficient facts to enable the court to decide whether the steps by which the conclusions were reached were correct. *Smith* v. *Lloyd,* 224 Mass. 173. There was no error in refusing to require him to do more. *Tuttle* v. *Corey,* 245 Mass. 196, 203. No such inconsistencies appear in the report as to make a recommittal necessary. *Volpe* v. *Sensatini,* 249 Mass. 132.

All questions open for decision on these appeals have been considered and no reversible error has been found.

*Decrees affirmed with costs.*