DENNIS F. CROWLEY & another *vs.* FRED HOLDSWORTH & others.

Suffolk.    January 17, 1929. — March 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice,* Appeal; Decree: after rescript; Amendment. *Waiver.*

In a suit in equity in the Superior Court seeking the cancellation of a deed from the defendant to the plaintiff and a mortgage and note given back by the plaintiff, this court decided upon appeal that the

plaintiff was not entitled to rescission, but was entitled to reformation of the contract of sale by the inclusion of certain additional land which the parties had intended that the plaintiff should have and which they erroneously had thought was included in the deed, and to the delivery by the defendant of. a deed of the additional land which the defendant had tendered after the bringing of the suit and about two years after the delivery of the original deed. After rescript the plaintiff filed certain motions in the Superior Court, seeking relief with respect to interest, taxes, insurance premiums and other matters between the date of the original· deed and the date when the tender was made by the defendant, on the ground that the sale should be treated as having occurred on the later date. Such motions were denied and a final decree was entered substantially in accord with the rescript. Upon appeal by the plaintiff, it was *held,* that

(1) On the record, the only question open was whether the decree conformed to the rescript; the plaintiff, having failed to raise and argue the questions as to the interest and other matters on the previous appeal, had waived them and they could not be considered on the present appeal;

(2) Even if the plaintiff's motions could be considered to have been an application to amend the pleadings to present matters based on a change in circumstances arising since the previous appeal, the question of the allowance of such an amendment was in the discretion of the judge who heard the motions, and his action thereon was not subject to review by this court.

BILL IN EQUITY, filed in the Superior Court on October 9, 1924, and afterwards amended, seeking the rescission of a deed of real estate from the defendants to the plaintiffs dated June 14, 1924, and a mortgage and note given back by the plaintiffs.

The suit was referred to a master, who found that the parties had intended that the plaintiffs should have certain additional real estate which the parties erroneously had thought was included in the deed. The defendants thereafter, on April 16, 1926, tendered deeds of such additional land. The suit was heard upon the master's report by *Morton,* J., by whose order were entered an interlocutory decree confirming the report, and a final decree adjudging that the plaintiffs were not entitled to rescission but to reformation of the contract of sale in accordance with the master's findings and that the deeds tendered by the defendants were valid and sufficient, and ordering the defendants to deliver or tender such deeds to the plaintiffs.

The suit previously was before this court upon an appeal by the plaintiffs from the final decree; and, in a decision reported in 264 Mass. 303, this court ordered the suit remanded to the Superior Court for the disposition of certain money received under insurance policies on the property, and the final decree was affirmed in other respects.

Certain orders made by the judge after rescript and a final decree then entered are described in the opinion. The plaintiffs appealed.

The case was submitted on briefs.

*Asa P. French*, for the plaintiffs.

*S. L. Whipple, L. Withington, & E. C. Park*, for the defendants Holdsworth and another.

CROSBY, J. This is a suit in equity brought in the Superior Court, and is before us on appeal by the plaintiffs from the denial of a "Petition (or motion) to reopen and review the final decree" and of a "Motion for final decree after rescript from Supreme Judicial Court," and from the final decree entered after rescript following the decision reported in 264 Mass. 303, where the facts are set forth at length and need not here be recited. The final decree entered was in substantial accord with the rescript from this court.

Both the above motions, in substance, seek a decree that the plaintiffs are entitled to recover interest upon the amounts paid on account of the purchase price of the property in question, from the dates in 1924 when they were paid to April 16, 1926; and that they are to be relieved from paying interest on their mortgage note given for the balance of the purchase price from its date to April 16, 1926; that they are entitled to recover the amount of taxes and insurance premiums paid on the property, and the income on the property collected by the receiver after deducting proper charges of the receivership, and that such amounts should be credited with "the net profits, if any, which the plaintiffs received from the occupancy of the property to the date of the appointment of the receiver . . . ." The effect of these motions is to have the sale of the property treated as having occurred on April 16, 1926, when the tender of the deeds conveying

the strip of land not included in the original deed and right of way was made, instead of on June 14, 1924, when the original conveyance was actually made.

The general rule is that there can be no appeal from a final decree entered substantially in accordance with a rescript from this court. In appropriate instances where such an appeal lies, the only question open is whether the decree properly conforms to the rescript. *Attorney General v. New York, New Haven & Hartford Railroad,* 201 Mass. 370, 371. *Phelps* v. *Lowell Institution for Savings,* 214 Mass. 560, 561. *Boston, petitioner,* 223 Mass. 36, and cases cited. *King* v. *Connors,* 223 Mass. 305. *Edgecomb* v. *Edmonston,* 258 Mass. 568, 569, 570. *Bourbeau* v. *Whittaker,* 265 Mass. 396, 398. The claims of the plaintiffs set forth in the motions are not based on any new evidence or facts occurring since the entry of the final decree. The questions which might have been raised by the plaintiffs in the former appeal and were not then argued are deemed to have been waived and cannot now be considered. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549, 552, 553, and cases cited. Even if the claims now presented could not have been previously brought before the court, the proper procedure for presenting them would be an amendment to the pleadings alleging the change in the circumstances. The power to grant such amendment exists up to the time of the final decree. *Day* v. *Mills,* 213 Mass. 585, 587. In the case at bar there was no application to the court to allow an amendment.

If the plaintiffs' motion could be treated as an application to amend, it is well settled that the allowance of such an amendment rests in the sound judicial discretion of the judge and is not subject to review. *Hannaberry* v. *Green,* 225 Mass. 201, 203. *Hall Publishing Co.* v. *MacLaughlin,* 230 Mass. 534, 536. *Reed* v. *Chase,* 238 Mass. 83, 92.

*Decree affirmed with costs.*