ROBERT B. WYNESS & another *vs.* LILLIAN I. CROWLEY.
LILLIAN I. CROWLEY *vs.* ROBERT B. WYNESS & another.

Norfolk.   May 22, 1935. — June 27, 1935.*

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Probate Court*, Appeal.

On appeal from a decree of a probate court, with a report of material facts, the appellee cannot as of right require the appellant to include in the printed record a report of evidence taken under G. L. (Ter. Ed.) c. 215, §§ 12, 18; c. 214, § 24.

MOTION, filed in this court on May 20, 1935, described in the opinion, respecting the record on appeals from decrees entered in the Probate Court for the county of Norfolk.

*O. Storer*, for Crowley.

*G. W. Cox & M. J. Gordon*, for Wyness and another.

RUGG, C.J.   This is a motion presented to the full court to remand to the register of probate the record in probate appeals with respect to a petition for adoption of a child and also a petition for return of the child to the mother, so that the record shall include a report of the evidence. It is in substance a motion for diminution of the record to the end that it may be corrected and amplified. *Doherty's Case*, 222 Mass. 98. A stenographer was appointed to take the testimony before the trial judge pursuant to G. L. (Ter. Ed.) c. 215, § 18. A decree was entered allowing the adoption and dismissing the petition to return the child to the mother. The trial judge filed a report of the material facts. The mother appealed and requested an estimate of costs of preparing the papers. The register of probate recites, in a statement appended to the present record, that the estimate of costs of preparing the record including the printing of a transcript of the evidence was almost four times the estimated amount of printing the record without the evidence; that counsel for the appellees orally stated that he

---

* Printed out of order by direction of the court. — REPORTER OF DECISIONS.

desired a transcript of all testimony printed, but that the appellant's counsel desired the record printed without including the report of the evidence. It has been so printed and is before us without any transcript of the evidence.

The practice so far as prescribed by statute is in G. L. (Ter. Ed.) c. 215, §§ 11, 12, and c. 214, §§ 23, 24. The material words are in the last named section and are these: "Upon an appeal, the testimony of witnesses who have been examined orally before a justice . . . shall, at the request of any party made before any evidence is offered, be reported to the full court." The precise question is whether the prevailing party in a case governed by equity procedure can insist that the entire evidence be reported at the expense of the appealing party. Respecting this matter it was said in *Robinson* v. *Donaldson*, 251 Mass. 334, at page 336: "It must be a rare case where a prevailing party in equity can insist on the printing in full of the evidence when the appealing party is willing to rest his case before the full court on the pleadings and the report of material findings by the judge." The purpose of the general equity procedure established by statute and by practice, of having the evidence taken before the trial judge reported to the full court, is that the case may be heard on appeal on the same evidence as was heard at the original hearing to the end that this court may revise a finding made by the trial judge upon oral testimony. That is the only way in which this court can be put in a position analogous to that of the trial judge and enabled to review his conclusions as to findings of fact. The essence of that equity practice is that this court examines all the evidence and reaches its own conclusions, giving to the findings of the trial judge the weight to which they are entitled. *Lindsey* v. *Bird,* 193 Mass. 200. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144. *Romanausky* v. *Skutulas,* 258 Mass. 190, 194. When the oral evidence is not reported and findings of material facts are filed by the trial judge, the questions raised on appeal are whether the findings made by the trial judge are inconsistent with each other and whether they justify the general conclusion reached. *Columbian Insecticide Co.* v. *Driscoll,* 271 Mass. 74, 77. *Peabody*

v. *Dymsza,* 280 Mass. 341. *Seager* v. *Dauphinee,* 284 Mass. 96, 98. *Karas* v. *Karas,* 288 Mass. 460. Upon a record such as the present, where there is no report of the oral testimony, the appealing party is bound by the facts found by the trial judge. He can argue only that the findings are incompatible, that they do not support the ultimate conclusion, and that the decree is not within the scope of the bill. *Thayer* v. *Thayer,* 277 Mass. 256, 259. Ordinarily, whether the evidence supports findings of the trial judge which are in favor of the prevailing party is a matter of no interest to the prevailing party. *Kilkus* v. *Shakman,* 254 Mass. 274, 280. There are no extraordinary facts shown on the present record or to which our attention has been drawn that require any variation from the general rule already quoted from *Robinson* v. *Donaldson,* 251 Mass. 334, 336. In these circumstances it would be a manifest injustice to the appealing party to require the expenditure of a considerable sum of money for printing the evidence when no useful purpose would be subserved thereby. It is in the interests of justice and economy not to permit the prevailing party to put his opponent to such unnecessary expense in order to secure review of questions raised on the record.

*Motion denied.*