MARY J. FLEMING *vs.* JOHN H. FLEMING.

Norfolk.    December 4, 1935. — January 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Marriage and Divorce,* Separate maintenance.

A wife deserted by her husband and living apart from him for justifiable cause was entitled to a decree for separate maintenance, though after his desertion she had said that she would not live with him again.

PETITION for separate maintenance, filed in the Probate Court for the county of Norfolk on May 20, 1935.

The case was heard by *McCoole,* J.

The case was submitted on briefs.

*J. E. Levine,* for the respondent.

*T. L. Gannon & H. L. Rogers,* for the petitioner.

CROSBY, J.    This is a petition for separate support brought by the wife of the respondent. It was filed in the Probate Court on May 20, 1935. Counsel for the respondent entered an appearance. A hearing was held on July 2, 1935, due notice thereof having been given to the respondent. On the same date the following decree was entered: "It appearing to the Court that said petitioner for justifiable cause is actually living apart from her said husband: It is ordered that said John H. Fleming be and he hereby is prohibited from imposing any restraint on the personal liberty of said petitioner, and that he — pay to said petitioner for the support of herself the sum of fifteen dollars on Saturday, July 6, 1935, and the further sum of fifteen dollars on each and every Saturday thereafter until the further order of said Court and it is further decreed that the said respondent pay the sum of fifty dollars counsel fees; said sum to be paid on or before August 2, 1935." From this decree the respondent claimed an appeal to this court.

At the request of the respondent the trial judge made a report of the material facts found by him. He found that

both parties were represented by counsel and a full and complete hearing was had on the petition; that the respondent is a member of the bar; that accompanied by his wife he went to San Francisco and remained there two years, and then returned to this Commonwealth; that there was no trouble between the parties up to this time; that when they returned from California the respondent's conduct toward his wife changed, he became insolent and indifferent, and at times was under the influence of liquor; that on April 29, 1935, he left his wife, and on leaving demanded his papers and bank books; and that there were two bank accounts, one of $775 and one of $554, each standing in the name of both parties. The judge further found that on the day the respondent left he drew $500 from one of the banks, and attempted to draw from the other bank account but was refused by the bank officers; that he notified one of the banks that no one be allowed to draw on the account; that when he left home he told his wife there would be no forwarding address; that he never returned; that about two weeks after he left, an agent from the electric company came to the house where they had lived to seal the meter; that by the respondent's order the telephone was disconnected; that after leaving home he "put himself in a position to be served on a writ brought by his brother on a note, and allowed the deposit" in one of the savings banks to be trusteed; that he also started actions for alienation of affection against the father and mother of the petitioner by writs returnable the first Monday of August, 1935. The trial judge found that his acts of leaving home, allowing himself to be sued by his brother, and starting the alienation actions within such a short time were not the acts of a man who intended to return. The judge found that the respondent deserted his wife, and that she was living apart from him for a justifiable cause; and entered the decree from which the respondent appealed. The judge thereafter filed the following additional report of facts: "I find that at the time said Mary J. Fleming testified before me she stated that she would not live with her husband, said John H. Fleming."

Upon this record where there is no report of the oral testimony, the appealing party is bound by the facts found by the trial judge. *Columbian Insecticide Co. of Boston* v. *Driscoll*, 271 Mass. 74, 77. *Wyness* v. *Crowley*, 292 Mass. 459, 460, 461. The findings of the judge that the respondent deserted his wife, and that she is living apart from him for a justifiable cause, must stand. They were warranted by the subsidiary findings. The additional finding that the petitioner testified at the hearing before the judge that she would not live with her husband does not affect her rights. It appears from the findings that she is living apart from her husband for a justifiable cause. Her statement that she would not live with her husband is no reason why he should not comply with the decree.

*Decree affirmed.*