HARRY SEDER *vs.* STANISLAW KOZLOWSKI & others.

Worcester. · September 25, 1939. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ. .

*Equity Pleading and Practice,* Amendment.   *Frauds, Statute of.*

A suit in equity in which the final decree erroneously gave relief against
    a defendant not mentioned in the stating part or in any prayer of the
    bill, upon his appeal was ordered remanded for suitable amendments
    to the bill setting forth averments of his liability where it appeared
    that he had been named a defendant in the title of the bill and in the
    subpoena, had been served upon as such and had filed an answer
    admitting liability, and that the issue as to his liability had been
    fully tried.

No error appeared in the denial of a motion by two of three defendants
    in a suit in equity to amend their answers by setting up the statute
    of frauds on the ground that they were sought to be held on a special
    oral promise to answer for a debt of the third defendant, where it
    appeared that the motion was filed after a master had filed a report
    finding that the three defendants were jointly and severally indebted
    to the plaintiff for goods furnished upon their joint and several credit.

BILL IN EQUITY, filed in the Superior Court on August 25, 1937.

In the title of the bill, Stanislaw Kozlowski, Jozefa Kozlowski, Bronislaw Kozlowski and Anthony J. Kozlowski all were named as defendants. Subpoena was issued ordering service on all of them, and such service was made. The averments of the bill in substance were that Stanislaw and Jozefa Kozlowski owed the plaintiff $9,000 for goods sold and delivered; that Stanislaw, with intent to hinder, delay and defraud the plaintiff in collecting the debt, had caused the title to certain real estate of his to be placed in the name of his son Bronislaw. The relief sought was the establishment of the debt and the application of the real estate to its payment. There was no allegation in the stating part of the bill, and no prayer, respecting Anthony J. Kozlowski.

The suit was heard upon the master's report by *Leary, J.*, and in this court was submitted on briefs.

*F. P. McKeon*, for the defendants.

*S. Seder, S. A. Seder, & H. Seder*, for the plaintiff.

Cox, J. This is a bill in equity to establish a debt alleged to be due the plaintiff, and to provide for its payment by reaching property of one of the defendants, alleged to have been conveyed in fraud of the plaintiff. The case was referred to a master whose report was confirmed by interlocutory decree, and a final decree was entered establishing the debt and providing, in the event the debt was not paid, for the sale in satisfaction of it of certain real estate found to have been conveyed in fraud of the plaintiff. All of the defendants appealed. The evidence is not reported.

The defendants make two contentions only: (1) that there is such a variance between the allegations of the plaintiff's bill and the proof upon which the findings of the master were based that the decree was not properly entered; and (2) that after the master had stated a case differing from that alleged in the bill, the defendants Jozefa and Anthony Kozlowski should have been permitted to amend their answers by setting up the statute of frauds, and that their motion to do so should not have been denied.

The first paragraph of the plaintiff's bill, which is type-written, alleges that "the defendants, Stanislaw Kozlowski, and Jozefa Kozlowski, are indebted to him in the sum of . . . $9,000 for goods sold and delivered to the said defendants." This paragraph, as drawn, immediately after the name Jozefa Kozlowski, contains the names "Bronislaw Kozlowski and Anthony J. Kozlowski" with ink lines drawn through them, and the word "and" is written in ink after the name Stanislaw Kozlowski. Such a method of altering pleadings is not to be encouraged. Anthony J. Kozlowski is named in the naming part of the bill, but as noted by the master, "No relief is sought against Anthony in the bill, but he, nevertheless, filed an answer admitting indebtedness to the plaintiff, and if it be a question of fact material to the issues, I find he is properly before the court in this proceeding." In this state of the pleadings the master found that the defendants Stanislaw and Jozefa Kozlowski, husband and wife, and their son Anthony, were jointly and severally indebted to the plaintiff in the sum found due. He also found that Stanislaw Kozlowski owned and conducted a bakery business and was personally liable for all goods sold and delivered to his shop by the plaintiff prior to December 12, 1934, but that from that date the deliveries of merchandise by the plaintiff were upon the joint and several credit of Stanislaw, Jozefa and Anthony, and that these three so understood and accepted deliveries upon that condition and became jointly and severally liable for merchandise delivered on and after that date. It is apparent from the master's report that one of the questions before him was whether Stanislaw Kozlowski or his son Anthony was the owner of the business. He found that it belonged to the father. As already indicated, another important question was whether Anthony and his mother were liable with Stanislaw for the merchandise delivered after December 12, 1934.

It is an elementary rule that relief in equity is limited by the allegations contained in the bill. *National Rockland Bank of Boston* v. *Johnston*, 299 Mass. 156, 157, and cases cited. The final decree that was entered was not within

the scope of the bill and should not have been entered. See *Farinha* v. *Commissioner of Banks,* 303 Mass. 192, and cases cited. But where it appears that the issues upon which a final decree is based have been fully heard, this court may remand the case for an allowance of an amendment to the pleadings to conform to the proof. G. L. (Ter. Ed.) c. 231, §§ 51, 125, 144. *Farinha* v. *Commissioner of Banks,* 303 Mass. 192, 195, and cases cited. See *Pizer* v. *Hunt,* 253 Mass. 321, 326, 331. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354–355.

The defendants Jozefa and Anthony Kozlowski contend that they should have been allowed to amend their answers by setting up an allegation that they cannot be held upon a special promise to answer for the debt of another, there being no memorandum or note of any such promise, G. L. (Ter. Ed.) c. 259, § 1, Second, and that this would have been a defence to the case made out before the master. We think, however, that they were not prejudiced by the denial of their motion. Said § 1, Second, has no application to a case where liability, on the part of the person for whose debt one has promised to answer, never existed or has been extinguished by a novation. *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232, 234, and cases cited. See *Doodlesack* v. *Superfine Coal & Ice Corp.* 292 Mass. 424, 426, 427. The oral undertaking of Jozefa and Anthony was found by the master to relate only to the payment of merchandise delivered by the plaintiff after the undertaking was entered upon. See *Irving Tanning Co.* v. *Shir,* 295 Mass. 380, 383. Where, as here, credit is given to the promisors, they are bound upon their oral promises, and the statute of frauds is not a defence even though the merchandise is delivered to a third person at the request of the promisors. *Hammond Coal Co. Inc.* v. *Lewis,* 248 Mass. 499, 501.

The rescript will provide that if the Superior Court shall find that the liability of the defendant Anthony Kozlowski to the plaintiff was fully and fairly tried, and shall allow the plaintiff to amend his bill by alleging such liability, within thirty days after rescript, then the final decree is to be affirmed with costs; otherwise the final decree is to

be reversed, and a new final decree is to be entered dismissing the bill with costs. *Westfield Savings Bank* v. *Leahey*, 291 Mass. 473, 476–477. See *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52.

*Ordered accordingly.*