WILLIAM C. TOMPKINS *vs.* JOHN M. SULLIVAN & others.

Suffolk.    February 2, 1943. — March 31, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Damages*, For tort.   *Unlawful Interference.   Contract*, What constitutes.
   *Equity Pleading and Practice*, Waiver.   *Waiver*.

An oral contract found to be independent of a subsequent written con-
   tract between the same parties was not merged in the written contract.
The assessment of more than nominal damages for unlawful interference
   by the defendant with a trucking contract between the plaintiff and
   a third person was not precluded by the fact that the contract was
   terminable at will where it appeared that the third person had been
   entirely satisfied with the plaintiff's work and would have continued
   to give him the business for an indefinite period but for the defendant's
   interference.
Upon findings that contractual relations between a plaintiff and a third
   person had been "destroyed" by unlawful interference by the defend-
   ant and had not been restored by an injunction against such inter-
   ference and were not likely to be restored, and that an assessment of
   damages only to the date of the injunction would not adequately
   compensate the plaintiff, it was not improper to assess damages for a
   period extending beyond that date.
Damages for loss of prospective profits through unlawful interference
   by the defendant with a contract between the plaintiff and a third
   person were properly assessed upon evidence permitting their com-
   putation with a reasonable degree of certainty although not with
   mathematical exactness.
A contention that the plaintiff in a suit in equity did not come into court
   with clean hands was raised by the defendant too late where it was
   put forward for the first time at a hearing in the trial court on the
   assessment of damages after this court, deciding that on the merits
   the plaintiff was entitled to an injunction and to damages, had re-
   manded the suit for such assessment.

BILL IN EQUITY, filed in the Superior Court on April 3,
1940.

The hearing after rescript was by *Spalding*, J.

*W. F. A. Graham & D. G. Nagle*, (*J. F. Connolly* with
them,) for the defendants.

*N. Robins*, for the plaintiff.

COX, J.  This is an appeal by the defendants from a
final decree entered in the Superior Court, after rescript

remanding the case for the purpose, among other things, of assessing such damages as the plaintiff might show that he had sustained. When the case was here before (see 309 Mass. 496, 501), the evidence was not reported, but there was a report of findings by the trial judge. From this report it appeared that in 1935, the plaintiff became a truck operator for the company in question "under a contract"; that prior to May, 1938, he was getting a large part of the company's business, which included the "regular Cape run, so-called, to Provincetown"; and that his earnings were substantial. The plaintiff's bill alleged that "One hundred per cent of . . . [his] business . . . [was] done under a contract in writing" with the company. No question was raised that the "Cape run" was not comprehended within the written contract, and when this appeal was orally argued, counsel stated that, when the suit was first tried, it was assumed that the "Cape run" was so comprehended. In other words, we understand that it was not until after rescript that it developed that it was not.

The judge who heard the suit on the question of damages made findings, rulings and an order for decree. He found that the plaintiff was entitled to damages, and a final decree was entered ordering their payment. Facts found relative to the plaintiff's contract with the company in question are summarized as follows: In June, 1937, a written contract was made for one year, subject to cancellation. This contract was superseded in March, 1938, and a third contract was entered into in July, 1939. This contract is still in effect. In none of these contracts was there any mention of the "Cape run," which had been given to the plaintiff some twenty months prior to May, 1938, as the result of an oral agreement which was supplemental and collateral to the written contracts. The contract that the plaintiff alleged had been interfered with, "however it may have been expressed in the pleadings," was this oral contract, and it is this contract that the judge at the first trial discussed in his findings. The evidence is not reported, the findings are not inconsistent and, in the

circumstances, must be accepted. *Wyness* v. *Crowley,* 292 Mass. 459, 460–461. *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561–562.

The finding that the oral contract for the "Cape run" was collateral to the written contracts disposes of the defendants' contention that it was merged in them. The rule that when parties have reduced their contract to writing, all previous or contemporaneous oral or written agreements are merged in it, does not apply to the collateral or independent agreement in the case at bar. *Sudhalter* v. *Oberstein,* 244 Mass. 442, 444, 445. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 68. *Taborsak* v. *Massachusetts Bonding & Ins. Co.* 289 Mass. 8, 12. The findings of the trial judge must be taken as establishing that the oral contract was independent of the written contracts.

The defendants contend, however, that the relief granted was not within the scope of the plaintiff's bill, and we think that this is so. *Seder* v. *Kozlowski,* 304 Mass. 367, 369, 370. But where, as here, it sufficiently appears that when the question of liability of the defendants for their wrongful acts was being considered and determined, it was the interference with the contract for the "Cape run" that was involved, and where damages have been assessed for that interference, we think the case is one where an amendment may well be allowed, as is hereinafter provided. *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 41, 42. *Seder* v. *Kozlowski,* 304 Mass. 367, 369, 370–371. G. L. (Ter. Ed.) c. 231, §§ 51, 125, 144.

The fact that the "Cape run" contract was terminable at will does not limit the plaintiff to the recovery of nominal damages merely. The judge found that the company in question was entirely satisfied with the plaintiff, and, but for the interference of the defendants, would have continued to give him the "Cape run" for an indefinite period, subject to the uncertainties of its business and the plaintiff's ability to carry on the work. *Lopes* v. *Connolly,* 210 Mass. 487, 494. The plaintiff, in the circumstances, was entitled to recover for the loss of advantages either of property or of personal benefit which, but for the defendants'

interference, the plaintiff would have been able to retain or enjoy. The damages are assessed not for a breach of the contract, but for the direct and proximate results of the wrongful acts. *Anderson* v. *Moskovitz,* 260 Mass. 523, 526–527. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 260 Mass. 599, 613. *Sullivan* v. *Barrows,* 303 Mass. 197, 203, and cases cited. *F. A. Bartlett Tree Expert Co.* v. *Hartney,* 308 Mass. 407, 411–412, and cases cited. The case at bar is distinguishable from what was said in *Lowrie* v. *Castle,* 225 Mass. 37, on the point now under consideration.

The trial judge found that the plaintiff was entitled to damages for loss of the "Cape run" down to and including February, 1942, despite the contention of the defendants that there could be no recovery beyond July 5, 1941, when they were enjoined from interfering with the plaintiff's contract. He found that the contractual relations with the company with respect to the "Cape run" were "destroyed" by the conduct of the defendants; that the injunction did not change this; that the damage had already been done at the time the defendants were restrained; that the company has not given back the "Cape run" to the plaintiff, although it has been requested to do so, and he inferred from the evidence, not reported, that it has no intention of doing so; and that it has entered into an arrangement with the defendant operators under the compulsion of a strike instigated by the defendants, and he inferred that the company does not desire to make a change. He also found that to award damages down to the date of the injunction would not adequately compensate the plaintiff for the loss he has in fact sustained, but that it would not be practicable to assess damages beyond February, 1942. These findings, including the one that if it had not been for the wrongful interference of the defendants the company would have continued to give the plaintiff the "Cape run" for an indefinite period, are not inconsistent. Where, as here, the evidence is not reported, the assessment of damages to and including February, 1942, must be presumed to have been based upon facts found that afforded a reasonable basis for their computation to that date, *Wyness* v. *Crowley,* 292

Mass. 459, 460, 461, and cases cited, and not to rest upon surmise, conjecture or speculation. See *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136, 142; *Lowrie* v. *Castle*, 225 Mass. 37, 51–52; *Orbach* v. *Paramount Pictures Corp.* 233 Mass. 281, 284–285; *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 606, 607.

The trial judge found that, while the profits could not be measured with mathematical exactness, there was evidence on which they could be computed with a reasonable degree of certainty. This finding cannot be disturbed. The general rule as to recovery of prospective profits has been stated in some of the cases already cited, to which is added the case of *Hawkins* v. *Jamrog*, 277 Mass. 540, 543–545, and cases cited.

The defendants contend, finally, that the plaintiff is not entitled to damages for the reason that it now appears that, while he had the "Cape run," on many occasions he carried loads in excess of those permitted by G. L. (Ter. Ed.) c. 85, § 30, as amended by St. 1935, c. 30 (see St. 1938, c. 171, § 1), and by his licenses issued by the registry of motor vehicles and the department of public utilities. This contention appears to be raised now for the first time, and we are of opinion that, in the circumstances, it cannot be sustained. It is true that the answer of some of the defendants, but not all, to the plaintiff's bill alleges that the plaintiff has not come into equity with clean hands. There is no reference whatever to the contention now made in the findings of the judge who heard the suit in the first instance, and it was not suggested to this court in any way when the case was here before. Upon both records it would seem that this contention was sought to be raised for the first time at the hearing before the judge who assessed damages. If we assume, without deciding, that there is anything in this contention, it is too late to raise it. *Edgecomb* v. *Edmonston*, 258 Mass. 568. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549, 552, 553. *Crowley* v. *Holdsworth*, 267 Mass. 13, 16.

The plaintiff is given leave, if so advised, within thirty days after the date of the rescript, to apply to the Superior

Court for appropriate amendments to his bill so that it may conform to the proof; if such amendments are allowed, then the final decree is to be affirmed with costs. Otherwise, the final decree is to be reversed and a new decree is to be entered, dismissing the bill with costs. *Bucholz v. Green Bros. Co.* 272 Mass. 49, 56. *Seder* v. *Kozlowski,* 304 Mass. 367, 370, 371.

*Ordered accordingly.*