*Southern Division*

**JOSEPH NISBY**

**v.**

**LILLAN MURCH**

Case tried to *Colten, J.* in the District Court of Southern Norfolk, (Stoughton). No. 15,702.

*Sgarzi, J.* In this action of contract there was a trial which resulted in a finding for the plaintiff. Within the period provided for by the Rules of District Courts the defendant requested a report to the Appellate Division of the action of the trial judge in denying certain requests for rulings of law seasonably made by her at the trial. This request for a report was followed in due time by the filing of a draft report by the defendant in accordance with said Rules. This draft report was typewritten on paper 8½ by 14 inches in size. The defendant requested a hearing on her draft report and at the appointed time the judge dismissed her draft report because it failed to comply with the Rules.

Thereafter the defendant filed a motion for hearing on the propriety of the dismissal of her draft report and at that time made three requests for rulings of law which properly raised the issue as to whether the judge had authority to dismiss her draft report because it was written on paper 8½ by 14 inches in size. The judge denied these requests and made the following findings in fact: "That the draft report in the above case did not follow the District Court Rules in that it was typed on 8½" x 14" paper rather than 8½" x 11" paper." The defendant claiming to be aggrieved by the dismissal of her draft report and the denial of her requests for rulings of law has claimed a report of these questions to this Division.

Rule 31 of the Rules of District Courts provides in part as follows: "All papers intended for use before the Appellate Division shall, unless the Appellate Division shall otherwise order, be printed or typewritten upon opaque paper having a dull surface. The typewriting of printing including all quotations shall be double-spaced and only one side of each page shall be written upon. The paper shall be 8½ inches in width and 11 inches in height." This rule concerns itself with Appellate Division Procedure and the preparation of "all papers intended for use before the Appellate Division." It has no reference to the regulation of the practice or procedure to be employed in the District Courts themselves. A draft report is an instrument which is presented not to the Appellate Division, but to the trial justice in the District Court as one step in the determination of the form and content of the Report which the judge shall make to the Appellate Division. The Report which is ultimately filed with the Presiding Justice of the Appellate Division is the report of the judge and not of the party who requests it. *Kelly v. Foley,* 284 Mass. 503; *Keeney v. Ciborowski,* 304 Mass. 367; *Santuosso v. Della Russo,* 300 Mass. 247.

Not infrequently a draft report, after hearing before the trial justice in accordance with Rule 28 of the Rules of District Courts is amended, altered and changed be-

fore it is settled by the justice as his report. When this has been done Rule 31 provides that three additional copies of the Report be prepared by the party seeking the report within 15 days and these copies together with briefs and copies of docket entries are then forwarded by the Clerk to the Presiding Justice of the Appellate Division.

These papers, which are transmitted by the Clerk of the trial court to the Appellate Division are those which are contemplated by Rule 31 as "intended for use before the Appellate Division," and shall be typewritten or printed, double spaced on opaque paper $8\frac{1}{2}$ inches wide and 11 inches long.

All papers in any proceeding in a District Court up to and including a draft report are addressed to that court and not to the Appellate Division and there is no rule requiring them to be on $8\frac{1}{2}$ x 11 paper. Indeed it is a matter of common knowledge that pleadings and motions filed in the District Courts are usually inscribed upon legal size paper so called measuring $8\frac{1}{2}''$ x 14''.

Once the report is settled by the trial judge, the matter is ready for transmittal to the Appellate Division. At this point in the proceedings, Rule 31 governs the preparation of briefs and copies of the report which are to be transmitted, as well as the size and kind of paper to be used. In the event of non compliance with this rule with regard to the size of paper used the Appel-

late Division would have the right to dismiss the report.

We conclude therefore, that since Rule 31 has application to "Reports" rather than "Draft Reports" there is no requirement that the paper on which the draft report is written be 8½" x 11" in size. Accordingly there was prejudicial error in the denial of the requests for rulings of law presented by the defendant at the hearing on the dismissal of her draft report and in the dismissal of the draft report.

The dismissal of the draft report is to be rescinded, and the matter is to proceed in accordance with proper appellate procedure.

Nathan Richman of Brockton, for the Plaintiff.
Municipal Court of the City of Boston