SMITH AND RICE COMPANY *vs.* JAMES W. CANADY.

Worcester.     September 30, 1912. — November 26, 1912.

Present: RUGG, C. J. MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Contract,* Performance and breach.     *Tender.     Equity Jurisdiction,* Specific performance.

An attempted revocation of a contract, which attempt afterwards is abandoned when the other party insists on performance, cannot be treated as a refusal of performance that relieves the other party from his obligation to perform his part of the contract.

In a suit for specific performance it appeared that the defendant, by an instrument under seal dated March 9 in a certain year, agreed to sell his farm to the plaintiff for a price named and to deliver a deed of it on or before April 10 on payment of the purchase money, that on March 17 the defendant sent to the plaintiff an attempted revocation in writing, that about April 1 the defendant at the plaintiff's request went to the office of the plaintiff's attorney, where the plaintiff demanded a deed of the farm and the defendant replied that he was not bound to deliver a deed before April 10, that the plaintiff then asked the defendant to remain a short time until the plaintiff could procure money to make a tender, that the defendant refused to wait and left the office, that thereafter the defendant caused a proper deed of the farm to be prepared and on April 10 remained at his dwelling house during the entire day ready and able to deliver possession of and title to the farm in accordance with his agreement, but that the plaintiff did not then or at any time thereafter before the filing of the bill demand a deed of the farm or tender or offer to tender the purchase money. A decree was made dismissing the bill. *Held,* that the bill was dismissed properly, the plaintiff never having made a tender of the purchase money, and there having been no such refusal to convey on the part of the defendant as to dispense with a tender.

MORTON, J. This is a bill in equity to compel specific performance by the defendant of the following agreement under seal:

"I agree to sell and convey, by warranty deed conveying a good title, free from all incumbrances, to Smith & Rice Co., Corporation, of Worcester, Massachusetts, for the sum of thirteen hundred dollars, the following described property: the farm on which I now live in Spencer, Mass., known as the McKonik farm the deed of which recorded in Worcester District Deeds, Book 1875, Page 307. Also all wood cut on farm and in shed at house and what hay may be left in the barn. Possession of said premises and a deed of the same shall be delivered to the said Smith & Rice Co. on or before the tenth day of April, 1911. Payment of the purchase money shall be made upon delivery of the deed. Witness my hand and seal this 9th day of March, 1911.

"Witness                    James W. Canady.   (Seal.)"

The case was duly heard and a decree* was entered dismissing the bill without costs. The plaintiff appealed.

It appeared that shortly after the defendant signed the agreement he attempted to revoke the offer contained in it by means of the following letter which was sent by him to and received by the plaintiff:

"Spencer, Mar. 17th, 1910.

"Mr. Rice

"Dear Sir   I give you notice that I do hereby revoke my offer to sell to you my farm in Spencer. You don't agree to buy it nor do you give me a penny or other thing to hold it until you find out whether you want it or not and at the last moment you can tell me you don't want it and I lose other customers. That is not fair or right.

"Yours
"J. W. Canady."

The letter appears to be dated 1910, but that is obviously a mistake for 1911. The judge found that the attempted revocation contained in this letter was abandoned and given up by the defendant some time about April 1, 1911. The facts found by the judge warranted such a finding. What was found by the judge was that "Sometime about April 1, 1911, at the request of the plaintiff, the defendant went to the office of the plaintiff's attorney,

---

* Made by *Pierce*, J.

and while there discussed with the plaintiff the matter of the conveyance; was asked by the plaintiff then to execute and deliver a deed of the premises, to which demand the defendant replied that he was not bound to do such [so] under his agreement before the tenth day of April, 1911. The plaintiff then requested the defendant to remain a short while until he, the plaintiff, could procure at a nearby bank money sufficient to make a tender. This request the defendant refused to comply with and left the office." It also appeared that the defendant thereafter caused a proper deed of conveyance to be prepared and remained at his dwelling house on the premises the entire day on the tenth of April, ready and able to deliver possession and title in accordance with his offer. These facts plainly warranted a finding that the attempted revocation had been abandoned and given up by the defendant, and that the plaintiff must have so understood it and was bound to govern itself accordingly.

The offer made by the defendant required the plaintiff to tender on or before April 10 the amount for which the defendant agreed to sell and convey the farm. What took place in the office of the plaintiff's attorney plainly did not constitute a tender, and the judge found that "The plaintiff thereafter, before the bringing of this bill, never made demand upon the defendant for a deed of the premises, nor tendered nor offered to tender the price to be paid for such conveyance." The time named in the offer was of the essence of the agreement made by the defendant, and even if what took place in the attorney's office could be construed as an acceptance by the plaintiff of the defendant's offer the plaintiff was bound to tender performance on its part before the expiration of the time named, in order to entitle itself to a conveyance of the farm. As already observed, it is clear that what took place in the attorney's office did not constitute a tender, and it is expressly found that thereafter, before the bringing of the bill, the plaintiff made no demand for a deed and did not offer to pay the price required for a conveyance.

There was no such refusal to convey on the part of the defendant as to dispense with a tender. *Mengis* v. *Carson*, 114 Mass. 410. The attempted withdrawal of the offer was abandoned, not only without objection so far as appears on the

part of the plaintiff, but in consequence, as it could have been found, of his holding the defendant to his offer and of the defendant's recognizing that he was bound to convey if the plaintiff insisted upon his doing so and complied with the conditions on which the offer was made. As was said in *Mengis* v. *Carson*, *supra*, "A mere declaration of unwillingness which shows only a passing intention on the part of the defendant of which he may repent, and which does not amount to an assurance that the other party is relieved from the part required of him," does not excuse the plaintiff from performing such part. The defendant's recognition of his obligation to convey if the plaintiff insisted upon it was shown by his statement to the plaintiff, when the plaintiff asked for a deed, that he was not bound to give a deed till April 10, and by the fact that he caused a proper deed to be prepared and was ready and able to give title and possession on the tenth day of April. There was nothing to excuse the plaintiff from a proper tender on or before the tenth day of April, and the plaintiff not having made such tender was not entitled to a conveyance and the bill was rightly dismissed.

*Decree affirmed with costs of appeal.*

The case was submitted on briefs.

*M. M. Taylor & E. B. Johnson,* for the plaintiff.

*A. G. Buttrick, O. L. Stone & W. S. Duncan,* for the defendant.

