### In re AMERICAN PAPER CO.

(District Court, D. New Jersey. August 8, 1917.)

BANKRUPTCY ⊜326—SET-OFFS AND COUNTERCLAIMS—"ANY DEBTOR OF THE BANKRUPT."

Bankr. Act July 1, 1898, c. 541, § 14c, 30 Stat. 550 (Comp. St. 1916, § 9598), provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge. Section 68a (Comp. St. 1916, § 9652) provides that, in all cases of mutual debts or mutual credits, the account shall be stated, and one debt set off against the other. Section 68b provides that a set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate. Section 17 (Comp. St. 1916, § 9601) provides that a discharge shall not release provable debts not duly scheduled in time for proving and allowance, with the name of the creditor, if known, unless the creditor had notice or actual knowledge. The H. Co. held notes of a paper company, and the paper company held notes of the H. Co., which it negotiated to third parties and secured by its own bonds. Both companies were adjudicated bankrupts, and the H. Co. offered a composition, which was confirmed, and the third parties holding the notes negotiated by the paper company received the composition payment. They then proved the balance of the debt against the paper company, and to protect its bonds it paid the balance. The H. Co. filed claims on the notes of the paper company, and it sought to set off such notes of the H. Co. *Held*, that these notes, having been once proved and having participated in the composition settlement, could not again be allowed against the H. Co., and were not available as a set-off; the contention that "any debtor of the bankrupt" referred to the H. Co., and not to the paper company, being without merit.

In Bankruptcy. In the matter of the American Paper Company. On review of an order of the referee disallowing a set-off, based upon claims in the hands of third persons discharged by a composition settlement. Petition dismissed.

Philip Carpenter, of New York City, for respondent.
McDermott & Enright, of Jersey City, N. J., for trustee.

DAVIS, District Judge. The American Paper Company, hereinafter called the Paper Company, bankrupt in the above-stated cause, was indebted to the George F. Hills Company, hereinafter called the Hills Company, in the sum of $16,713.74, evidenced by certain notes,

and the Hills Company was indebted to the Paper Company in the sum of $18,651.76, evidenced by certain notes, which the said Paper Company indorsed and negotiated to third parties and secured to a large extent the payment thereof by its bonds. July 10, 1914, the Paper Company was adjudicated a bankrupt. In the spring of 1915 a petition in bankruptcy was filed by the Hills Company in the Southern district of New York. A composition was offered by the company, and on June 25, 1915, the composition was confirmed, and 20 cents on the dollar was paid by the said Hills Company. The third parties to whom the Hills Company notes had been negotiated by the Paper Company proved the notes in question against the Hills Company and received the 20 cents thereon, leaving an unpaid balance of $14,923.81. They retained the notes, however, and proved them against the Paper Company on its indorsement, and filed the said claims on July 10, 1915. On the same day, which was the last day that said claims could be filed, the Hills Company filed, through its assignee, Charles R. McBride, claims against the Paper Company for the said $16,713.74. In order to protect the bonds of the Paper Company, the trustee in bankruptcy thereof purchased said notes from the third parties to whom they had been negotiated, paying therefor 80 per cent. of the face value thereof; 20 per cent. having been received by the holders from the Hills Company. The trustee sought to set off this amount, $14,923.81, against the claims of the Hills Company. The referee made an order disallowing the set-off, and the said order is before this court for review.

The disallowance was based upon sections 14c and 68b of the Bankruptcy Act of 1898. The referee held that the Hills Company had been discharged by the confirmation of the composition from its obligations upon the notes which it had given to the Paper Company, and, being so discharged, the claims are not provable again against the estate of the Hills Company, and so cannot be used as a set-off. The first section of the act referred to provides that:

"The confirmation of a composition shall discharge a bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

The second section provides that:

"A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate."

The trustee, on the other hand, bases his right to a set-off on section 68a of the act, which provides that:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

He claims that section 68b is inapplicable, because section 17 of the act provides that—

"a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bank-

rupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy," etc.;

—that "any debtor of the bankrupt," mentioned in section 68b, refers in this case to the Hills Company, and not to the Paper Company; that the Paper Company had no claim against the Hills Company on the notes sought to be used as a set-off at the time of the bankruptcy of the Hills Company in the Southern district of New York, because these notes had not been proved against the Paper Company on account of its indorsement until after the confirmation had taken place. The question of whether or not the notes may be used as a set-off depends upon whether the liability of the Hills Company was absolutely discharged for all purposes and against everybody when they were proved and participated in the composition settlement of that company. If the liability was so discharged, the set-off should not be allowed, and section 68a does not apply, because there were no longer "mutual debts" or "mutual credits" between the Hills Company and the Paper Company; the debt of the Hills Company having been discharged and no longer provable against its estate in bankruptcy.

I am not referred to any case sustaining, in my opinion, the contention of the trustee, and I have not been able to find any case directly in point. He refers to the case of Morgan v. Wardell, 178 Mass. 350, 59 N. E. 1037, 55 L. R. A. 33; but that case is not authority for his contention. It stands for the proposition that, upon the dissolution of the partnership between Dillon and Wardell, Dillon covenanting to assume the liabilities and save Wardell harmless therefrom, but not keeping his agreement, Wardell may set off in a plenary proceeding the amount which he had to pay on account of said liabilities of the partnership, in an action by Morgan, trustee of Dillon, to recover for merchandise purchased by Wardell from Dillon after the dissolution. That is not the problem presented by this case. The trustee is in error in his contention that "any debtor," of section 68b, does not refer to the Paper Company.

The liability of the Hills Company on the notes in question in the hands of third parties was absolutely discharged when those claims were proved and participated in the composition settlement. "A composition restores the estate to the bankrupt, frees him from all his debts provable and dischargeable in bankruptcy, and distributes among his creditors the amount the bankrupt is required thereby to pay for the ransom of his estate." Remington on Bankruptcy (2d Ed.) § 2346. The claims based upon those notes, having been once proved and having participated in the composition settlement, cannot again, in the hands of the indorsers thereof, be proved and create a new liability on the part of the Hills Company. Such a construction of section 14c would be contrary to the plain provisions thereof, and would make that paragraph of the section in certain cases, meaningless, and would also be inequitable.

If the contention of the trustee prevails, the result would be that the claims against the Hills Company would be twice allowed against it, and the claims which the Hills Company has against the Paper Com-

pany allowed but once. This, in principle, would be inequitable. The trustee, however, says, as ,a matter of fact, that it would work out equitably, because the Paper Company had to pay the third parties 80 per cent. of the face value of the notes in order to secure them and redeem its bonds, which is a much larger percentage than the Hills Company will have to pay if the set-off is allowed. This may be so, but the position in which the Paper Company finds itself is due to its own transactions in negotiating the notes of the Paper Company. Had it not secured them with its bonds, it would not be in its present predicament. As it turned out, the company acted unwisely in putting up its bonds. This, however, was a matter with which the Hills Company had nothing to do, and for which it is in no wise responsible. The trustee is asking that the Paper Company be relieved from the results of its improvident transactions by the application of an inequitable principle, and the violation of the plain provisions of a statute. All that the Paper Company can ask is to be subrogated to the rights of the holders of the notes in accordance with the provisions of section 57i of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [Comp. St. 1916, § 9641]). The holders exhausted their right of procedure against the Hills Company on those notes when they were proved and participated in the composition settlement.

It necessarily follows that the petition must be dismissed.