In re AMERICAN PAPER CO.

GARDNER v. GEORGE F. HILLS CO.

(Circuit Court of Appeals, Third Circuit. December 27, 1917.)

No. 2316.

1. BANKRUPTCY ⬤⟿326—SET-OFF AND COUNTERCLAIM—DUTIES—ADJUSTMENT.
     Where the dealings between claimant and bankrupt resulted in mutual debts, the credits did not automatically adjust themselves, so as to effect a set-off.

2. BANKRUPTCY ⬤⟿326—SET-OFF AND COUNTERCLAIM—DUTIES—ADJUSTMENT.
     Where the bankrupt had indorsed to third parties for value all the notes of the claimant prior to its bankruptcy, the bankrupt's rights under the notes had become contingent and unliquidated, and could not be used as basis for set-off against claims of claimant.

3. BANKRUPTCY ⬤⟿326—SET-OFF AND COUNTERCLAIM—COMPOSITION—EFFECT.
     The H. Co. held notes of a paper company, and the paper company held notes of the H. Co., which it negotiated to third parties, secured by its own bonds. The paper company was adjudicated a bankrupt, and thereafter the H. Co. was also adjudicated a bankrupt. It offered a composition, which was confirmed, and third parties, holding its notes negotiated by the paper company, received the composition payment. They then proved the balance of the debt against the paper company, and to protect its bonds the balance was paid. The H. Co. filed claims on the notes of the paper company, and the latter sought to set off such notes of the H. Co. Bankr. Act July 1, 1898, c. 541, § 14c, 30 Stat. 550 (Comp. St. 1916, § 9598), provides that the confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by its charge; section 68a (Comp. St. 1916, § 9652) declares that, in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated, and one debt shall be set off

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against the other, and the balance only shall be allowed or paid; while section 68b declares that a set-off and counterclaim shall not be allowed in favor of any debtor of a bankrupt which is not provable against the estate. *Held* that, despite the fact that the paper company might, under section 57i (Comp. St. 1916, § 9641), have had the right to prove the notes, had the holders failed to exercise their primary right, the notes, having once been proved and having participated in the composition settlement, could not be allowed against the H. Co., and were not available as a set-off.

Appeal from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

In the matter of the bankruptcy of the American Paper Company. Walter P. Gardner, trustee, appeals from an order (243 Fed. 753) disallowing a set-off against claim of the George F. Hills Company. Affirmed.

McDermott & Enright, of Jersey City, N. J. (James D. Carpenter, Jr., of Jersey City, N. J., of counsel), for appellant.

Philip Carpenter and Frank P. Ufford, both of New York City, for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The trustee in bankruptcy of the American Paper Company has appealed from an order disallowing a claim set up by him against a claim by the George F. Hills Company that was filed and allowed against the Paper Company. The facts are as follows:

[1, 2] The bankrupt was adjudicated in July, 1914. As a result of its business dealings with the Hills Company, the Paper Company then owed the Hills Company $16,713.74 on promissory notes given for value, and the Hills Company owed the Paper Company $18,654.76 on similar notes. If, therefore, at that time these mutual debts could have been set off, the Hills Company would have had no balance in its favor. But no such adjustment could be made: (1) Because the Hills Company did not present its claim until the year had almost expired, and the credits did not adjust themselves automatically (Cumberland Glass Co. v. De Witt, 237 U. S. 456, 457, 35 Sup. Ct. 636, 59 L. Ed. 1042); and (2) because the Paper Company before its bankruptcy had indorsed to third parties for value all the notes made by the Hills Company, at the same time securing the indorsees by pledging its own bonds as collateral security. The notes made by the Hills Company had therefore passed into the hands of bona fide holders, and the claims of the Paper Company on these notes had become contingent and unliquidated. The next relevant event was the filing of an involuntary petition against the Hills Company in the spring of 1915, but this was not followed by an adjudication, for the Hills Company offered, and its creditors accepted, a composition of 20 per cent. The composition was confirmed and the money was paid in the latter part of June, and among the creditors that received the 20 per cent. were the holders of the notes referred to that had been indorsed by

the Paper Company and secured by that company's bonds. The trustee of the Paper Company knew of the composition; he filed a claim against the Hills Company on a book account for about $700 and received his percentage thereon.

[3] After the composition had been carried out, and on the last day for filing claims against the Paper Company, the holders of the Hills Company's notes already mentioned, having received all they could collect from the Hills Company, filed their claims against the Paper Company as indorser of the notes and pledgor of the bonds; and, as the bonds were a valuable security, the trustee afterwards paid the remaining 80 per cent. and took up the notes. On the same date, when the holders of the notes made by the Hills Company filed their claims against the Paper Company as indorser, the Hills Company presented its claim against the Paper Company, based upon that company's notes for $16,713.74, which the Hills Company had retained, but had not yet proved. On that date the Paper Company had not yet made good its indorsement and its pledge, but after this had been done, and after the notes made by the Hills Company and indorsed by the Paper Company had come into the trustee's hands, he petitioned the referee to permit him to set off the 80 per cent. paid thereon. The result of such permission would have been to defeat the claim made on behalf of the Hills Company, but the referee and the District Court (243 Fed. 753) refused the set-off and allowed the claim.

It seems clear that while the composition was pending the Paper Company had no provable claim against the Hills Company. The notes made by the Hills Company were then the property of third persons, who alone had the primary right to prove the debt. It is true that, if they had failed to exercise the right, the Paper Company might have exercised it (section 57, cl. "i"); but this contingency did not happen, the indorsees did prove the notes against the Hills Company, and were paid 20 per cent. thereon. What effect did the confirmation of the composition have upon this debt? At that time section 14, cl. "c," read as follows:

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

As applied to the case before us, this clause means that the Hills Company was discharged from the remaining 80 per cent., for this proportion of the debt was not "agreed to be paid by the terms of the composition." The cases are not completely in harmony concerning the effect of a composition on the bankrupt's debts. It has been held to be an accord and satisfaction, and to discharge the original cause of action, so that a new promise to pay made after the composition would be without consideration and would not furnish a cause of action. Taylor v. Skiles, 113 Tenn. 294, 81 S. W. 1258. But, even if the effect of a composition be no greater than the effect of an ordinary discharge in bankruptcy, it either extinguishes the legal liability (without touching the moral liability), or is a bar to the remedy, and in either event the bankrupt can no longer be compelled to pay. 53 L. R. A. 362.

When, therefore, the indorsees turned to the Paper Company, they were no longer attempting to enforce the contract of the Hills Company, the maker of the notes, but a different contract, namely, the Paper Company's undertaking made with the indorsees alone, to which the Hills Company was not a party. It is true that, if the composition had not intervened, the Hills Company would have been equitably affected by the indorsees' enforcement of their contract with the Paper Company; for, of course, the Hills Company continued to be primarily bound to pay its own notes, and if the Paper Company, a mere indorser, had been compelled to discharge this secondary obligation, it would have succeeded to the holders' rights against the maker. But the situation had been vitally changed by the bankruptcy of the Hills Company and the subsequent composition; the holders' rights against the maker could not be further enforced, and there was nothing of value to which the Paper Company could succeed.

This conclusion may not be in accord with the literal meaning of section 68, cl. "a," if that section alone be considered:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

But we think the clause should be read in connection with section 14c, already quoted, and should be regarded as modified thereby. If, before a debt due by a bankrupt can be set off by the creditor, it has been discharged by a composition or in the ordinary manner, it ceases to be available for that purpose; and this position is strengthened by the language of clause "b" of section 68, which provides:

"A set-off or counterclaim shall not be allowed in favor of any debtor of a bankrupt which (1) is not provable against the estate."

To apply this clause to the present case: A set-off in favor of the Paper Company, which was a creditor and also a debtor of the Hills Company, could not be allowed unless the set-off was provable against the latter company; and such provability we think could no longer be successfully maintained.

We have examined the cases relied on by the trustee—Morgan v. Wordell, 178 Mass. 350, 59 N. E. 1037, 55 L. R. A. 33, Railway Co. v. Graham (C. C. A. 4) 145 Fed. 809, 76 C. C. A. 385, and Cumberland, etc., Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042—but we think none of them presents or decides the point now before us.

The order of the District Court is affirmed.