Isaac Spector *vs.* Frank Callahan.

Middlesex.     November 6, 1930. — November 25, 1930.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Field, JJ.

*Res Judicata.*

A vendor of furniture by conditional sale brought an action of tort for conversion against one who claimed a right to hold possession of it by virtue of a warehouseman's lien. The judge ruled that the defendant had a valid warehouseman's lien and found for the defendant and judgment was entered accordingly. Later, after a new demand, the plaintiff brought another action of tort for conversion of the same furniture against the same defendant. The defendant relied again on his alleged lien and also pleaded *res judicata*. At the trial of the second action, the plaintiff testified that he was "attempting to recover the same damages on the same furniture as alleged in the preceding suit"; the judge refused to give a ruling, requested by the defendant, that he had a warehouseman's lien, on the ground that such lien was "inapplicable to claim by conditional vendor whose goods have been removed to storage in breach of his contract," that the case was governed by G. L. c. 255, § 35, and that the plaintiff was not barred by the prior adjudication; and found for the plaintiff. On report to the Appellate Division, the judgment was reversed. The plaintiff appealed. *Held*, that, the parties and the elements of the causes of action, including the conditions under which the defendant held the furniture at the times of both the alleged conversions, being the same in both cases, the adjudica-

tion in the earlier case, that the defendant had a warehouseman's lien on the furniture, established that fact conclusively for the purposes of the present case and the judgment in the earlier action was a bar to the later one.

TORT for conversion. Writ in the Third District Court of Eastern Middlesex dated January 2, 1930.

Evidence and findings and rulings by the trial judge are described in the opinion. He found for the plaintiff in the sum of $100 and, upon a report to the Appellate Division for the Northern District, the finding for the plaintiff was vacated and judgment was ordered entered for the defendant. The plaintiff appealed.

*L. Hamburger,* for the plaintiff.

No argument nor brief for the defendant.

FIELD, J. This is an action of tort, brought in the District Court to recover damages for the conversion of furniture, alleged to have taken place on or about January 2, 1930. The defendant for answer pleaded a general denial, that he had a warehouseman's lien on the furniture, and *res judicata.*

There was evidence tending to show " that the plaintiff had title to the furniture as a conditional vendor " and " that he, on or about January 2, 1930, through his agents, demanded the furniture . . . from the defendant," but the defendant refused to deliver it. The plaintiff testified that in 1929 he " sued the defendant " and " the defendant recovered judgment " and that now " he is attempting to recover the same damages on the same furniture as alleged in the preceding suit." The records of the former action were in evidence. The declaration was exactly like that in the present case, except that the date of the alleged conversion was different, and the answer was the same except that it did not contain a plea of *res judicata.* The judge there " ruled that the defendant had a warehouseman's lien and found for the defendant."

The trial judge in the present action refused to rule, as requested by the defendant, that a " warehouseman shall have a lien on goods deposited or on the proceeds thereof in his hands, for all lawful charges for their storage and

preservation" and for certain other claims (see G. L. c. 105, § 32), on the ground that the ruling requested was "inapplicable to claim by conditional vendor whose goods have been removed to storage in breach of his contract. Case governed by G. L. c. 255, § 35"; ruled, in substance, that the plaintiff was not barred by the prior adjudication, and found for the plaintiff. On a report made at the request of the defendant, the Appellate Division entered an order, "Finding for the plaintiff vacated. Judgment to be entered for the defendant." The plaintiff appealed.

The order of the Appellate Division was right. As matter of law, in the circumstances of this case, the prior adjudication was a bar to recovery by the plaintiff. The causes of action declared on were not identical but the parties were the same. The former judgment, therefore, was conclusive on the issues "actually tried and determined" in the action in which it was entered. *Foye* v. *Patch,* 132 Mass. 105, 110–111. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 149. The report shows that it appeared from the record of the earlier case without resort to extrinsic evidence, that it was therein "actually tried and determined" that the defendant then had a warehouseman's lien on the furniture there in question, valid against the plaintiff. According to the testimony of the plaintiff, binding upon him, the same furniture is involved in the present case. He testified also "that he is attempting to recover the same damages . . . as alleged in the preceding suit," but he now argues, in substance, that this is not true since he relies upon a different, and obviously later, demand and refusal. Even if we assume in his favor that in testifying he impliedly excepted from his statement of the similarity of the two actions, the difference in the dates of the alleged conversions, or assume that for any reason he is not estopped to rely upon that difference as shown by a comparison of the declarations, his testimony must be taken as meaning that the other elements of the causes of action, including the conditions under which the defendant held the furniture at the times of the alleged conversions, respectively, were

the same in both cases.   Therefore, the adjudication in the earlier case, that the defendant had a warehouseman's lien on the furniture, established that fact conclusively for the purposes of the present case.   That fact prevents recovery by the plaintiff.   G. L. c. 105, § 36.   It is unnecessary to consider other rulings by the trial judge.

*Order of Appellate Division affirmed.*