RAYMOND E. NICHOLS *vs.* MARTHA H. SANBORN.

Middlesex.    November 6, 1946. — November 27, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Contract,* For sale of real estate, Option, Performance and breach. *Election. Frauds, Statute of. Laches. Equity Jurisdiction,* Specific performance, Laches. *Tender.*

One given an option to purchase land must elect to exercise the option within the time limited; if he does so, the option may be specifically enforced.

Bringing a suit for specific performance of an option to purchase land is an election to exercise the option.

The statute of frauds was not a defence to a suit in equity for specific performance of an option to purchase real estate, exercised after the expiration of the period for its exercise as originally limited in a sealed contract but within an extension of that period fixed by oral agreement, where the holder of the option had occupied the premises during the entire period of the option as extended, paying rent which was to be credited on the purchase price, and had made substantial improvements of the premises both before and after the extension.

One having an option to purchase land was relieved of any duty to tender performance before bringing suit for specific performance where the landowner repudiated the option by stating to the holder of the option that he had decided not to sell the land to him and had contracted to sell it to a third person.

The plaintiff in a suit in equity for specific performance of an option to purchase land might properly be found not guilty of laches where he brought the suit promptly upon the landowner's repudiating the option before the expiration of the time for its exercise as fixed by an oral agreement.

BILL IN EQUITY, filed in the Superior Court on November 24, 1945.

The defendant appealed from a final decree entered after a hearing by *Cabot,* J.

*E. H. R. Burroughs,* for the defendant.

*J. W. Killam, Jr.,* for the plaintiff.

LUMMUS, J. On April 18, 1938, the plaintiff entered into a written contract under seal with Kirke P. Sanborn, the defendant's father, by which the plaintiff was to occupy a

house and the lot upon which it stood, in Reading, paying
$15 a month as rent besides taxes, water rates, and other
municipal charges, and was to have the right to buy the
premises within four years after April 18, 1938, for $2,300,
less the rental payments of $15 a month that might have
been paid.

Kirke P. Sanborn died on August 8, 1939, and the premises
descended to the defendant, his only heir. The defendant
recognized the validity of the contract. The plaintiff, before
April 18, 1942, made considerable improvements upon the
premises which he was occupying. In April, 1942, the plain-
tiff was in default in the payment of the local real estate
tax for 1941 upon the premises, and the parties agreed orally
that after the taxes for 1941 and 1942 had been paid the
plaintiff was to pay as rent an additional $10 a month, in
lieu of paying the taxes, and that the time for buying the
property should be extended until the rental payments
should amount to $2,300 or until the defendent should
request payment of any unpaid balance. In September,
1943, the parties agreed that payment of the taxes for
1941 and 1942 might be postponed, and the available
money used instead in putting a new roof on the house,
which was done at an expense of nearly $300. The arrears
of taxes, which had been paid by the defendant, were repaid
to her by the plaintiff in June, 1944. In June, 1945, the
defendant notified the plaintiff that she wished him to com-
plete the purchase before the end of 1945. The plaintiff has
paid $1,290 as rent, and prior to November 21, 1945, was
arranging to obtain a purchase money mortgage for the bal-
ance due.

On November 21, 1945, the defendant notified the plain-
tiff that she had decided not to sell the premises to him, and
had contracted to sell them to a stranger. On November 24,
1945, the plaintiff filed this bill for specific performance. The
answer among other things set up the statute of frauds and
laches. The judge entered a final decree for the plaintiff,
with costs, and the defendant appealed. The case comes
here upon the pleadings and a report of material facts
(*Turner* v. *Morson*, 316 Mass. 678, 680, 681), the appellant

having waived her right to a report of the evidence. *Wyness* v. *Crowley*, 292 Mass. 459. *Hubbard* v. *Southbridge National Bank*, 297 Mass. 17, 19, 20. *Harlow Realty Co.* v. *Whiting*, 308 Mass. 220, 223. *Gordon* v. *Guernsey*, 316 Mass. 106, 108.

Although in equity time ordinarily is not of the essence of a contract to buy and sell land (*Gevalt* v. *Diwoky*, 319 Mass. 715, 716), a person given an option to buy land must within the time limited elect to exercise it. *Boston & Worcester Street Railway* v. *Rose*, 194 Mass..142, 149. *Morgan* v. *Forbes*, 236 Mass. 480, 483. *Donovan Motor Car Co.* v. *Niles*, 246 Mass. 106, 107. *Cobb* v. *Library Bureau*, 264 Mass. 431, 436. *Hunt* v. *Bassett*, 269 Mass. 298, 302. *Kelley* v. *Ryder*, 276 Mass. 24, 26, 27. *Aronson* v. *Sol. & S. Marcus Co.* 292 Mass. 389, 395, 396. If within the time limited the buyer elects to exercise the option it may be specifically enforced. *Rigs* v. *Sokol*, 318 Mass. 337, 344. *Judkins* v. *Charette*, 255 Mass. 76, 81. And bringing a suit for specific performance is an election to exercise the option. *O'Brien* v. *Boland*, 166 Mass. 481, 483. *Nickerson* v. *Bridges*, 216 Mass. 416, 421.

In the present case the option was not exercised within the four years originally limited. But by oral agreement the option was extended, and the end of the year 1945 was fixed as the limit for its exercise by notice given by the defendant. *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad*, 243 Mass. 457, 464. Although the extension was oral, the occupation and improvements could be found to constitute part performance taking the case out of the statute of frauds. *Potter* v. *Jacobs*, 111 Mass. 32. *Burns* v. *Daggett*, 141 Mass. 368, 373. *Harrell* v. *Sonnabend*, 191 Mass. 310. *Williams* v. *Carty*, 205 Mass. 396. *Morgan* v. *Forbes*, 236 Mass. 480, 486. *Mason* v. *Albert*, 243 Mass. 433. *Derby* v. *Derby*, 248 Mass. 310, 314. *Morse* v. *Winslow*, 254 Mass. 407. *Parker* v. *Page*, 270 Mass. 167. *Andrews* v. *Charon*, 289 Mass. 1. The repudiation of the contract by the defendant could be found to absolve the plaintiff from any duty to tender performance before suit, which was begun before the end of the year 1945. *Carrig* v. *Gilbert-Varker Corp.* 314 Mass. 351. *Hazen* v. *Warwick*, 256

Mass. 302, 307, 308. Compare *Smith & Rice Co.* v. *Canady*, 213 Mass. 122. In relying upon the promises and conduct of the defendant the plaintiff could be found not guilty of laches. The plaintiff seasonably demanded performance of the contract by filing his bill, and was properly awarded specific performance.

*Decree affirmed with costs.*