Robbins, J.
This is an action of contract in which a tenant seeks to recover from his landlord for breach of an oral contract whereby the landlord agreed that if the tenant would make certain necessary repairs, he, the landlord, would not raise the tenant’s rent or sell the property or building in which the plaintiff’s tenement was located. The declaration further alleged that the plaintiff made the repairs, but the defendant sold the property to one who requested the plaintiff to vacate. The declaration was in two counts, one setting forth the transaction in detail and the other on an account annexed. The answer was a general denial, a setting up of the Statute of Frauds, and an allegation that the agreement was illegal and contrary to public policy. The Court made the following special findings of fact:
*167 “The Court specially finds that the plaintiff was a tenant at will of the defendant, occupying a tenement owned by the defendant, at a monthly rental of $30.00; that the tenement was greatly in need of repairs and alterations; that to induce the plaintiff to continue in occupancy and to defray the costs necessary to make said repairs and alterations, the defendant promised plaintiff and agreed that if plaintiff made such repairs and alterations, he would not during the occupancy by the plaintiff, raise the rent of said tenement, or sell the property of which plaintiff’s tenement was a component part; that relying upon defendant’s promise and agreement and in good faith, the plaintiff performed and furnished 450 hours of necessary work to accomplish said repairs and alterations; that in violation of his promise and agreement, the defendant soon after the repairs and alterations were completed by the plaintiff, sold the property to one who immediately notified plaintiff to vacate the tenement as he desired the same for personal use and occupancy; that defendant refused to reimburse plaintiff for work performed; that the fair value of the work performed and labor furnished was the amount of $450.
“Where a person has been induced to construct improvements on land in good faith, changes his situation materially in reliance upon the performance of an oral agreement, and in expectation of the rights to be acquired thereby, a breach of the agreement, by selling and conveying the property as in this case is not merely deprivation of the rights it was intended to confer which alone is within the Statute of Frauds, but is in addition an infliction of an unjust and uneonscientious injury and loss upon the plaintiff and an unjust benefit to the defendant; and that, although the oral agreement was within the Statute of Frauds, the defendant is held by the force of his acts which have misled the plaintiff to his harm and the defendant is estopped from setting up the Statute of Frauds.”
At the close of the trial and before final arguments the defendant made the following requests for rulings: “ (1). Upon all the evidence, a finding for the plaintiff is not warranted. Denied*, the court having found to the contrary. *168 (2).. If an agreement was entered into as alleged, the plaintiff suffered no legal damage. Denied, the court having found to the contrary. (3) If an agreement was entered into as alleged in plaintiff’s declaration, the same is illegal and contrary to public policy. Granted. (4). The plaintiff, as a tenant at will, suffered no legal damage as the result of the termination of the tenancy by the purchaser of the premises. Denied. (5). An agreement not to sell land in question during plaintiff’s occupancy is void. Granted. (6). If the Court finds the plaintiff entered into an illegal agreement, the plaintiff cannot recover. Denied. (7); There is no evidence that plaintiff’s tenancy has been terminated. Denied, as inapplicable. ’ ’
The Court found for the plaintiff and assessed damages in the sum of $450.
The defendant claimed in his appeal to be aggrieved by the rulings and refusals to rule. However, in his brief and in his oral argument the defendant relied exclusively on the ground that the contract between the parties was an illegal one, and could not be the basis of recovery. This was his sixth request which was denied. We, therefore, disregard the other requests which were denied, and confine ourselves to the denial of the sixth request.
The Trial Court found for the plaintiff because the facts show that the defendant was estopped from setting up the Statute of Frauds, in that the plaintiff in good faith so materially changed his situation in reliance upon the performance of the oral agreement, that to allow the Statute of Frauds to bar recovery would inflict an unsconscionable loss upon the plaintiff, and give the defendant an unjust benefit. As far as the Statute of Frauds is concerned, such reasoning has the backing of the Massachusetts cases. Low v. Low, 173 Mass. 580; Gadsby v. Gadsby, 275 Mass. 159, *169 168; Andrews v. Charon, 289 Mass. 1; Nichols v. Sanborn, 320 Mass. 436.
It is the contention of the defendant, however, that regardless of the Statute of Frauds, the fact that the oral contract was one in restraint of alienation of land, and therefore void or illegal, makes recovery in this case impossible. The defendant is helped in this contention by the rulings of the Trial Court granting his third and fifth requests, to the effect that the agreement was illegal and contrary to public policy, and that the agreement not to sell the land was void. As there was no grievance claimed by the plaintiff on these rulings, they must stand. Their correctness is not before us.
The question to be decided therefore is whether there can be a recovery in this case when the agreement on which it is based is illegal, void and contrary to public policy. We are of the opinion that no recovery can be had under such circumstances. Bishop v. Palmer, 146 Mass. 469, 475; Eastern Metal Co. v. Webb Granite & Construction Co., 195 Mass. 356; Fouquette v. Millette, 310 Mass. 351; Cerwonka v. Saugus, 316 Mass. 152. The Trial Court denied the defendant’s sixth request to this effect, which was prejudicial error.
In the cases of Bishop v. Palmer and Eastern Metal Co. v. Webb Granite & Construction Co., ubi supra, considerable is said about possible recovery in similar cases where the plaintiff disaffirms the illegal contract and brings an action in some form for the benefits conferred on the defendant. There was no evidence of disaffirmance offered in this case, although one of the counts of the declaration was an account armaxed which would allow quantum meruit. Without so deciding, it is possible that on such an account annexed recovery might be had in this case. Therefore, this case is sent back for a new trial.

 The trial court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the request.